UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAIM SARWAR,

      *Plaintiff*,

v.

BIPIN-SETH INC.,

      *Defendant*.

Civil Action No. 20-cv-12744

**ORDER**

**John Michael Vazquez, U.S.D.J.**

    **THIS MATTER** comes before the Court by way of Plaintiff's unopposed motion for default judgment as to Defendant pursuant to Fed. R. Civ. P. 55(b), D.E. 5; and it

    **APPEARING** that Rule 55(b) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b). But even when a party is in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316 (KSH)(CLW), 2016 WL 2892551, at *1 (D.N.J. May 12, 2016) (quoting *Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. 14-2683, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014)); and it further

    **APPEARING** that Plaintiff sues Defendant on his behalf and for "all other individuals similarly situated" for "[i]njunctive [r]elief, and attorney's fees, litigation expenses, and costs pursuant to the Americas with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA")." D.E. 1 at 1. Generally, Plaintiff claims that various websites Defendant uses for accepting reservations at its

hotel violate regulations promulgated under the ADA – specifically, 28 C.F.R. § 36.302(e) *see id*. ¶¶ 10(a)-(h) – which set forth requirements for those subject to the regulations "with respect to reservations made by any means." *Id*. ¶ 7.  Plaintiff further alleges that he and "all others similarly situated," *id*. ¶ 17, have suffered "direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the . . . ADA." *Id*. ¶ 14, and it further

**APPEARING** that since moving for default judgment, Plaintiff filed an Amended Complaint against Defendant on January 4, 2021.  *See* D.E. 6.  And "an amended complaint supersedes the original version" and renders the Clerk's entry of default as to Defendant "moot since the amended complaint superseded the original complaint."  *Auto. Rentals, Inc. v. Bama Commercial Leasing LLC*, No. 117CV3877NLHKMW, 2018 WL 3159852, at *1 (D.N.J. Mar. 9, 2018) (citing *Enigwe v. Gainey*, No. CIV.A. 10-684, 2012 WL 213510, at *3 (E.D. Pa. Jan. 23, 2012) ("The filing of the Second Amended Complaint rendered the earlier Amended Complaint a nullity . . . and [plaintiff's] request for an entry of default by [defendant] as to the Amended Complaint became moot." (internal citation omitted)); therefore

For the foregoing reasons and for good cause shown

**IT IS** on this 1st day of February, 2021, hereby

**ORDERED** that Plaintiff's motion for default judgment, D.E. 5, as to Defendant is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court's entry of default against Defendant is hereby vacated.

*[signature]*
John Michael Vazquez, U.S.D.J.