**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAIM SARWAR, *Plaintiff*, v. BIPIN-SETH INC., *Defendant*. | Civil Action No. 20-cv-12744 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Saim Sarwar's unopposed motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), against Defendant Bipin-Seth Inc. D.E. 11. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[1] For the reasons that follow, Plaintiff's motion is denied.

## II. FACTS

Plaintiff Saim Sarwar is a resident of New York who claims he is an individual with disabilities covered under the Americans with Disabilities Act ("ADA").[2] FAC ¶ 1. Sarwar

---

[1] Plaintiff's brief in support of its motion for default judgment will be referred to as "Br.," D.E. 11.

[2] The Court derives the facts from Plaintiff's Amended Complaint, D.E. 6 ("FAC").

alleges that he is unable to walk more than a few steps without an assistive device, requires the use of a wheelchair or cane to ambulate, and has limited use of his hands. *Id.* Plaintiff also claims that he has specific accessibility needs when traveling, such as the need for available handicap parking spaces near facility entrances and other features to permit his use of a wheelchair. *Id*. Plaintiff continues that indoors, amenities must be low enough that he can reach them, and sinks must be at the correct height so that Plaintiff can place his legs underneath. *Id.* Plaintiff also needs bars near a commode to safely transfer himself. *Id.* Plaintiff is an "advocate of the rights of similarly situated disabled persons" and purports to be a "tester" for determining whether the websites of places of public accommodation comply with the ADA. *Id.* ¶ 2.

Defendant Bipin-Seth Inc. ("Bipin-Seth") owns the OYO Hotel located in Edison, New Jersey. *Id.* ¶ 3. Plaintiff alleges this business qualifies as a place of public accommodation under the ADA and must comply with the ADA regulations. *Id.* ¶ 6. Specifically, Plaintiff claims Defendant must comply with 28 C.F.R. § 36.302(e), which provides as follows:

> (1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

2

>    (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
>    (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
>    (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.
>
>    (2) Exception. The requirements in paragraphs (iii), (iv), and (v) of this section do not apply to reservations for individual guest rooms or other units not owned or substantially controlled by the entity that owns, leases, or operates the overall facility.
>
>    (3) Compliance date. The requirements in this section will apply to reservations made on or after March 15, 2012.

28 C.F.R. § 36.302(e)(1); FAC ¶ 7.

Plaintiff states that Defendant, by itself or through a third party, utilizes the following websites to accept reservations for its hotel: booking.com, expedia.com, oyorooms.com, agoda.com, vacation.hotwire.com, travelocity.com, cheaptickets.com, and trip.com. *Id.* ¶¶ 9-10. Sarwar alleges that the websites did not allow for the reservation of accessible guest rooms or provide enough information about accessibility at the hotel; Plaintiff was therefore unable to determine whether Defendant's hotel met his accessibility needs or complied with the ADA. *Id.* Sarwar plans to revisit the online reservation system "as soon as the Covid crisis is over . . . in the near future" for the purpose "of selecting hotels in which he can stay during his upcoming trip" and to test for ADA compliance. *Id.* ¶ 13.

3

Plaintiff initiated this matter by filing a Complaint on September 15, 2020. Sarwar filed the FAC against Defendant on January 4, 2021. D.E. 7. Defendant failed to answer, move, or otherwise respond to the FAC. On February 3, 2021, the Clerk of the Court entered default against Defendant. The present motion followed.

### III.     ANALYSIS

#### A. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp.*

*LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 522 (3d Cir. 2006).

### B. Service of Process

"In entering a default judgment, a court must determine whether . . . the defendants were properly served." *Wyndham Hotel Grp. Can., ULC v. 683079 Ontario Ltd.*, No. 17-4000, 2018 WL 2078704, at *6 (D.N.J. May 2, 2018). Federal Rule of Civil Procedure 4 states that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing agent or general agent or any other agent authorized by appointment or by law to receive service of the process." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff filed a certificate of service indicating that he served the Summons and Amended Complaint on Vinod Patel, an individual authorized to accept service for Defendant, on January 6, 2021. D.E. 7. Accordingly, service was proper.

### C. Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

"With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general [personal] jurisdiction.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (alteration in original) (internal quotation omitted). Here, Plaintiff alleges that Defendant is a "New Jersey Corporation." FAC at 1. The Court therefore has personal jurisdiction over Defendant.

Because Plaintiff alleges violations of Title III of the ADA, the FAC invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. FAC ¶ 5. However, "[w]ithout Article III standing, this Court lacks subject matter jurisdiction over the matter." *Patel v. Crist*, No. CV 19-8946, 2020 WL 64571, at *2 (D.N.J. Jan. 7, 2020). To have standing to bring a claim in federal court, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The first element, an "injury in fact," requires a plaintiff to show "an invasion of a legal protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). The injury cannot be "abstract," but rather must be "real." *Spokeo*, 136 S. Ct. at 1548. A "bare procedural violation" of a statute is therefore insufficient to satisfy this requirement. *Id.* at 1549.

Here, Plaintiff asserts a claim under the ADA. To establish a claim under the ADA, a plaintiff must prove that "(1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns leases, (or leases to), or

operates a place of public accommodation." *Bowers v. National Collegiate Athletic Ass'n*, 118 F.Supp. 2d 494, 514 (D.N.J. 2000). When a plaintiff seeks injunctive relief, as is the case here, the plaintiff must prove a real and immediate threat of future injury to establish standing. *Doe v. Nat'l Bd. Of Med. Examiners*, 210 F. App'x 157, 160 (3d Cir. 2006).

Courts in this district have previously rejected similar cases by "tester" plaintiffs for lack of standing. *Hernandez v. Caesars License Co., LLC*, No. CV1906090RBKKMW, 2019 WL 4894501, at *1 (D.N.J. Oct. 4, 2019). In *Hernandez*, the plaintiff was an individual with disabilities who acted as a "tester" by visiting hotel websites to see if they complied with ADA regulations. *Id*. at *1. The plaintiff visited the website for Harrah's Resort Atlantic City for this purpose but was unable to determine whether the hotel would meet his accessibility needs and brought a claim alleging the hotel violated the ADA and 28 C.F.R. § 36.302(e)(1). *Id*. The court found that the plaintiff lacked standing because the plaintiff only visited the website to determine whether the hotel was ADA compliant, not because he was trying to find a place to stay. *Id*.

Here, Plaintiff likewise asserts that his visits to Defendant's listings were for test purposes. *Id*. ¶ 13. While claiming to be a "tester," Plaintiff also says he "will . . . revisit the hotel's online reservation system as soon as the Covid crisis is over" to select a hotel for an "upcoming trip." *Id*. ¶ 12. This allegation (or promise) of future activity is insufficient to meet the standing requirement. *See Laufer v. Aark Hosp. Holding, LLC*, No. CV 20-5648 (RBK/KMW), 2021 WL 486902, at *5 (D.N.J. Feb. 10, 2021). In *Laufer*, the plaintiff also alleged that a hotel's website was not ADA compliant and that she was planning on revisiting the website to plan a trip in the "near future." *Laufer v. Aark Hospitality Holding, LLC*, No. 20-5648, 2021 WL 486902, at *4. The court found

7

that the plaintiff lacked standing because the plaintiff merely indicated that she planned to visit the websites to reserve a guest room in the "near future." *Id*. The court reasoned that the plaintiff failed to "meet the preconditions for asserting an injunctive claim in a federal forum" because she could not show that she was likely to suffer future injury from the defendant's conduct. *Id*. (quoting *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 159 (3d Cir. 2006)). The *Laufer* court continued that the plaintiff's "someday" allegation was conclusory and vague and did not "provide enough factual context to create the reasonable inference that Plaintiff intended to return to the website to check for compliance or to book a room and use Defendant's services." *Laufer*, 2021 WL 486902 at *5.

Here, Plaintiff seeks injunctive relief and alleges that he will "re-visit the hotel's online reservation system as soon as the Covid crisis is over" to attempt to find a hotel for an "upcoming trip." FAC ¶ 12. Like *Laufer*, this is a vague and non-specific "someday" allegation from which Court is unable to draw a reasonable inference that Sarwar is likely to suffer future harm from Defendant's alleged unlawful conduct. *Laufer*, 2021 WL 486902 at *4; *see also Laufer v. Buena Motel Corp.*, No. 120CV06438NLHKMW, 2021 WL 2802214, at *4 (D.N.J. July 6, 2021) (denying motion for default judgment for lack of standing for failure to "demonstrate[] that a future injury is likely to occur" because, among other things, Plaintiff did not allege she had "been to the property" or had "any sufficiently concrete plans to go to the property."). Plaintiff has not adequately pleaded a real and immediate threat of future injury and therefore has not established Article III standing.[3]

---

[3] In addition, Plaintiff failed to address (1) the prejudice suffered by the party seeking default

8

## IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this 8th day of July, 2021

**ORDERED** that Plaintiff's motion for default judgment, D.E. 11, is **DENIED without prejudice**.[4]

_____
John Michael Vazquez, U.S.D.J.

---

judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default – factors this Court is obligated to consider in deciding whether to enter default judgment. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015).

[4] On June 22, 2021, Plaintiff's counsel filed a document "seeking a telephonic status conference for this case" without explaining the reason for the request. D.E. 13. In light of the above decision, it does not appear that a status conference is necessary and Plaintiff's request, D.E. 13, is therefore denied as moot. To the extent Plaintiff still believes a status conference is necessary, Plaintiff shall file a letter on the docket indicating such and stating the issues to be discussed during the conference.